NOVEMBER 10, 1802.

# Wm. Tandy's Heirs *v.* Wm. M. Bledsoe.

*Upon an appeal from a decree of the Lexington District Court.*

Unless the objects called for in an entry possess general notoriety in the neighborhood, or are so described that they may certainly be found, the entry can not be sustained.

In deciding on this suit, the complainants' entry must be first investigated.   It is in substance as followeth: "William Bledsoe, assignee, etc., enters 300 acres of land, upon a treasury warrant, on the waters of Elkhorn, beginning at Beckley's corner on

Rodgers' line, thence with said Beckley's line a north-westwardly course 300 poles, thence at right angles south-westwardly for quantity." It seems to be the intention of this entry that the land should lie in the angle where the south-westwardly line of Beckley's survey corners on a line of Rodgers' survey. If, then, these surveys, at the time of making this entry, were known by the generality of those conversant with the waters of Elkhorn, or had been so described by the entry that they might certainly have been found, the entry ought to be sustained. It appears that an old military survey had been made for Beckley and another for Preston, which had been assigned to Rodgers and Seaberry on which a grant had issued to them, and that a corner of Beckley's survey is on a line of Preston's survey; but it is not proven that Beckley's survey, nor that the grant thus obtained by Rodgers and Seaberry had any thing like the degree of notoriety which has been suggested. Neither does the entry under consideration express that those surveys are old military surveys, nor point out the precise situation where they might be found; so that all the books of the register, as well as of the surveyors of Fincastle and Kentucky counties, must have been searched to discover what lands were held by persons of the name of Beckley and Rodgers; and it ought to be remarked that if any had been found in the name of Rogers only, deception and not information would have been the consequence, for the survey intended had been granted to Rogers and Seaberry. But let what is most favorable to this entry be supposed that it could have been discovered that an old military survey in the name of Beckley and another in the name of Preston, which had been assigned to Rogers and Seaberry, were meant to be called for by the entry, and the plats and certificates of these surveys had been examined to discover the lands intended, the only information that could have been derived from them would have been that the surveys were some where on the waters of Elkhorn, about ninety miles from the junction of the Kentucky and Ohio rivers, which is very far from the specialty and precision requisite to a valid entry. It is true that the present land law gives validity to old military surveys thus vaguely described; but the same law has restricted the evil to those surveys which were made under the authority of the former land law, which did not require more special descriptions. From these considerations this court conceive that the court below erred in establishing the complainants' entry, without which he ought not to succeed against the elder legal title of the defendants.

Wherefore, it is decreed and ordered, that the said decree be reversed, and that the appellee do pay unto the appellants their costs expended in this court. And it is further decreed and ordered, that the cause be remanded to the said district court, that the complainants' bill may be there dismissed with costs, which is ordered to be certified to the said court.